# Chicago & Alton Railroad Co. v. William K. Rayburn.

1. RAILROAD COMPANY—*Rights of Persons Dealing with its Agents.*
— A passenger on a railroad train may judge of the power of its agents and servants from appearances and their position and acts.

2. NEGLIGENCE—*Assurances of Safety by Employes.*—The direction or invitation or an assurance of safety given by a servant of a railroad company may so qualify a passenger's act as to relieve it of the quality of negligence.

3. CARE AND NEGLIGENCE—*A Question of Fact for the Jury.*—Whether under all the circumstances a person fails to exercise ordinary care, is a question of fact for a jury, and under the evidence in a case, if the finding of the jury is justified, it is beyond the power of the Appellate Court to disturb it.

4. RAILROAD COMPANIES—*When Bound by the Acts of their Employes.*—While the power and authority of a brakeman is limited by, and can only be determined from, and by the rules and regulations of the company prescribing his duties and defining his power, yet as to third persons, passengers upon a train, the power of such an employe may be determined from appearances and from his acts and from the position he assumes to occupy.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 22, 1893.

## STATEMENT OF THE CASE.

The appellee delivered to the appellant a stallion to be transported from Bloomington, Ill., to Eldorado, Kan. He discovered that the door upon the east side of the car in which the horse had been placed would not close, and immediately notified the agent of the appellant of the condition of the door and was directed to see the yardmaster. He went to the yards of the company for that purpose, called the attention of the men who were engaged in making up the train to the door, but before he could find the yardmaster, the car was placed in the train, and he was advised that it would soon start. He was in charge of the horse as groomsman and had a ticket which entitled him to ride upon the train. As the door of the car could not be

closed, he entered the car for the purpose of looking after the safety of the horse, and remained there until the train reached Mason City. There one of the trainmen told him to go back to and ride in the caboose. He told the man of the condition of the door and went to the caboose where his ticket was taken up. He felt anxious about the horse and called the attention of the appellant's servants who were in the caboose to the fact that the door of the stock car needed attention and was told that it would be fixed at the next stopping place. The train left Mason City and stopped next at Tallula on the main track. It was then after nightfall. A brakeman came down from the cupola, and according to appellee's testimony said to him, "Come with me and we will fix the door." This brakeman testified that he said to appellee, "Now I will go and see what I can do with the car," or "I will see if we can fix that door," and that he did not know that the appellee was going with him until after he got off the car and saw him by the light of a lantern. The appellee understood that he was expected to go, and he did go with the brakeman, to the car which held the horse; when there, he and the brakeman engaged in an effort to close the door, and while so employed, the brakeman observed the headlight of an engine which was drawing a train into the switch and directed the appellee to go back to the caboose. The appellee started to obey the directions given, and as he turned about to go back, noticed that he was between the main and switch track, and that the train upon which he had taken passage was in motion on the main track, and that another train was upon the switch moving rapidly toward him. These trains were passing each other, the one upon the main track the other upon the switch, and the appellee was soon between these two moving trains. It was dark and the space between the trains narrow, not above four feet. He was struck and injured by the train that was in motion on the switch. The action was case by the appellee to recover damages for the injuries thus received.

He recovered judgment in the sum of $2,022.25, to reverse which this appeal is prosecuted.

C. & A. R. R. Co. v. Rayburn.

APPELLANT'S BRIEF, WILLIAM BROWN AND WILLIAMS & CAPEN, ATTORNEYS.

Appellant contended that in going from the caboose to assist the brakeman in closing the door of the car, the plaintiff was a mere volunteer, and not entitled to recovery for any injuries received while so doing. Legg v. M. Ry. Co., 1 H. & N. 773; Abrahams v. Reynolds, 5 H. & N. 143; Swainson v. N. E. Ry. Co., L. R., 3 Exch. Div. 341; Potter v. Faulkner, 1 B. & S. 800.

Even if requested by the brakeman to assist him, in the absence of proof of his authority to do so from the company, no action arises against the company for injuries received while rendering such assistance. Sherman v. H. & St. J. R. Co., 72 Mo. 62; Everhart v. T. H. & I. R. Co., 4 Am. & Eng. Ry. Cases, 599; Flower v. Pa. R. Co., 69 Pa. St. 210; Wood on Master and Servant, Sec. 455; Smith on Master and Servant, 247 *et seq.*; Legg v. M. R. Co., 1 H. & N. 773; Blair v. G. R. & I. Co., 60 Mich. 124; A., T. & S. F. R. Co. v. Lindley, 42 Kan. 714; L. R. & F. S. R. Co. v. Miles, 40 Ark. 298; Milligan v. Wedge, 12 A. & E. 737.

There was no actionable negligence on the part of the servants operating the two freight trains. I. C. R. Co. v. Frelka, 9 Ill. App. 605.

It was contributory negligence upon the part of plaintiff to attempt to walk between the tracks when he knew, or could, by the exercise of any care, have known, a train was approaching. Austin, Adm'r, v. C., R. I. & P. Ry., 91 Ill. 35.

Where a passenger voluntarily takes a dangerous position he can not recover, if injury results therefrom. G. & C. W. R. Co. v. Yarwood, 15 Ill. 468; Quinn v. I. C. R. Co., 51 Ill. 495; P. & R. I. R. Co. v. Lane, 83 Ill. 448; C. & N. W. Ry. Co. v. Carroll, 5 Ill. App. 201; Taylor v. D., O. & O. R. Co., 40 Ill. App. 416 (and cases cited there); Howard v. K. C., F. S. & G. R. Co., 37 Am. & Eng. Ry. Cases, 552.

The brakeman had no authority to request assistance from a passenger. Negligence of Imposed Duties, Ray, 253; Everhart v. T. H. & I. R. Co., *supra;* Sherman v. H. & St. J. R. Co., 72 Mo. 62.

The plaintiff was a mere volunteer, consenting at the request or direction of an employe of the defendant (if any such was given), to perform services which should have been performed by the employes themselves; and while he can not be regarded as an employe, he is in no better condition than if he had been.

Nor is he in any better condition legally, than if he had been a mere intermeddler, undertaking to perform the services without request or direction from any one, because, as we have seen, he was not requested or directed to render the assistance, by any one having power from the defendant to authorize him to do so. Everhart case, *supra;* Legg v. Midland R. Co., H. & N. 773; Flower v. Pa. R. Co., 69 Pa. St. 210; New Orleans, etc., R. R. Co. v. Harrison, 48 Miss. 112; Sherman v. H. & St. J. R. Co., 72 Mo. 62.

For a purely accidental occurrence, causing damage without the fault of the person to whom it is attributable, no action will lie, for though there is damage the thing amiss —the *injuria*—is wanting. Cooley on Torts, page 80; Dygert v. Bradley, 8 Wend. 469; Losee v. Buchanan, 51 N. Y. 476; Clark v. Foot, 8 Johns. 421; Sheldon v. Sherman, 42 N. Y. 484; Boynton v. Rees, 9 Pick. 527; Rockwood v. Wilson, 11 Cush. 221; Brown v. Kendall, 6 Cush. 292; Robinson v. Grand Trunk R. R. Co., 32 Mich. 322; Toledo, etc., R. R. Co. v. Daniels, 21 Ind. 162; Indianapolis, etc., R. R. Co. v. Truitt. 24 Ind. 162; Morris v. Platt, 32 Conn. 75; Strouse v. Whittlesey, 41 Conn. 559; Chicago, etc., R. R. Co. v. Jacobs, 63 Ill. 178; Toledo, etc., R. R. Co. v. Jones, 76 Ill. 311.

APPELLEE'S BRIEF, CALVIN RAYBURN AND OWEN T. REEVES, ATTORNEYS.

The power of the corporation to control and handle its trains with passengers and freight thereon is intrusted to the trainmen in charge of the same; and the corporation is responsible for the acts of its trainmen in the conduct and government of the train, the same as the trainmen themselves would be if they were the owners of the road and

the train. 1 Harris on Dam., Sec. 251, 302; Bass v. C. & N. W. R. Co., 36 Wis. 463; City of Hammond v. N. Y. C. & St. L. Ry. Co., 31 N. E. Rep. 817; Lalor v. C., B. & Q. R. R. Co., 52 Ill. 401; Toledo, P. & W. Ry. Co. v. Harmon, 47 Ill. 298; Philadelphia and Reading R. R. Co. v. Derby, 14 How. 468; Coleman v. N. Y. & N. H. R. Co., 106 Mass. 160; Sullivan v. P. & R. R. R. Co., 30 Pa. 234; Pennsylvania Ry. Co. v. Vandiver, 42 Pa. 365; Higgins v. Watervliet Turnpike Co., 46 N. Y. 23; Goddard v. Grand Trunk Ry. Co., 57 Me. 202; Craker v. Chicago & N. W. Ry. Co., 36 Wis. 657 (673); Lake Erie & Western Ry. Co. v. Cloes (Ind.), 32 N. E. 588; Pullman's Palace Car Co. v. Laack (Ill.), 32 N. E. Rep. 281.

The plaintiff was on the train in charge of a horse on the same train, and it was his duty to take care of the same, and it was his duty to follow the order or instruction of the brakeman in leaving the caboose and going with him to the car while the train was standing on the track. Chicago, B. & Q. Ry. Co. v. Dickson (Ill.), 32 N. E. Rep. 380; Lake Shore & M. S. Ry. Co. v. Brown, 123 Ill. 162; Patnode v. Warren Cotton Mills) Mass.), 32 N. E. Rep. 161; C. H. R. R. Co. v. Kassen (Ohio), 31 N. E. Rep. 282; Toledo, W. & W. Ry. Co. v. Harmon, 47 Ill. 298; Penn. R. R. Co. v. McClosky, 23 Pa. 526; Ind. & C. R. R. Co. v. Kent, 3 Otto, 291 (93 U. S. 291); McNulta v. Ensch, 134 Ill. 46.

The duty of the defendant in this case is measured by the peril of the passenger.

Having induced the appellee to leave the caboose for the purpose of closing the car door, the appellant is liable for not giving him sufficient time to re-enter the caboose before the train started to move. Chicago & Alton R. R. Co. v. Fisher (Ill.), 31 N. E. Rep. 406; McNulta v. Ensch, 134 Ill. 46; Chicago & Alton R. R. v. Arnol (Ill.), 33 N. E. Rep. 204; N. Y. C. & St. L. Ry. Co. v. Doane, 115 Ind. 435.

The appellant in this case, while not an insurer of the absolute carriage of the appellee, was bound to exercise the highest degree of care, skill and diligence practically consistent with the efficient use and operation of its train; and

it must be held to the same strict responsibility for the neg-
ligence of its servants injuriously affecting the appellee as it
would have been if the transportation had been by a train
devoted to passenger service exclusively.    Chicago & A. R.
R. Co. v. Arnol (Ill.), 33 N. E. Rep. 204.

The appellant was guilty of negligence in the moving of
the train on which the defendant was a passenger while he
was between the tracks during the movement of the train,
No. 75, going in the opposite direction, and the appellee
being injured because of the movement at the same time of
the trains in opposite directions was proof of negligence
on the part of the trainmen, the plaintiff at the same time
exercising due and ordinary care.    Lake Shore & M. S. R.
R. Co. v. Hundt (Ill.), 30 N. E. Rep. 458; Lake Shore &. M.
S. R. R. Co. v. Brown, 123 Ill. 162; Chicago & A. R. R. Co.
v. Becker, 84 Ill. 483; Wesley City Coal Co. v. Healer, 84
Ill. 126; N. W. R. R. Co. v. Hack, 66 Ill. 238; Chicago & A.
R. R. Co. v. Fisher, 31 N. E. Rep. 406; Chicago, B. & Q.
R. R. Co. v. Dickson, 63 Ill. 151; Chicago, M. & St. Paul Ry.
Co. v. West, 125 Ill. 320; Powell v. Penn. Ry. Co., 32 Penn.
414; Chicago & A. R. R. Co. v. Arnol, 32 N. E. Rep. 204.

If appellee made a mistake in following the brakeman to
the car, such a mistake does not necessarily imply failure in
duty on his part.    It is for the jury to determine whether
or not the mistake was due to the acts of defendant.    Chi-
cago & E. I. R. R. Co. v. O'Connor, 119 Ill. 586; Wabash
Ry. Co. v. Elliott, 98 Ill. 481; Chicago & A. R. R. Co. v.
Trayes, 33 App. 307; McNulta v. Ensch, 134 Ill. 46; Chicago
& A. R. R. Co. v. Pittsburg, 123 Ill. 9; Tuller v. Talbot, 23
Ill. 357; Chicago & A. R. R. Co. v. Wilson, 63 Ill. 167; Pull-
man Palace Car Co. v. Laack (Ill.), 32 N. E. Rep. 285.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF
THE COURT.

The position of the appellee in the narrow space between
two trains which were moving in opposite directions in the
darkness, was one of great peril.    He bore the relation of
passenger to the appellant company and was entitled to ex-

pect and receive from it and its servants the exercise of the highest degree of skill and care to the end that he should not be injured. The company caused its trains to be so set in motion, and if his presence there was also due to or chargeable to it, no reason is perceived why it ought not to be held answerable to him in damages for his injuries.

The peril to which he was exposed was so obvious that it ought, in the exercise of ordinary care, have been anticipated, and injury to him apprehended as a natural or at least probable result. It is insisted that the appellant company is not responsible for his being there.

The brakeman, it is said, had no authority, by virtue of his employment in that capacity, to request or direct the appellee to leave the caboose which the company had prepared for its passengers, and accompany or assist him; it is also said that there is no proof that the brakeman had any special power or authority beyond such as arose by virtue of the capacity in which he acted for the company. Hence it is argued that the appellee was there as a mere volunteer or intermeddler, engaged as of his own choice in assisting an employe of the appellant company in the discharge of a duty which such employe should have alone performed, and therefore not entitled to recover damages for the injury received. The test of his right of recovery was whether, in going to the place of danger, he exercised such care as an ordinarily prudent and cautious man would exercise for his safety. In deciding as to this the jury were warranted in considering not only his acts but also the acts of the brakeman, as an agent of the company, if such brakeman was apparently in discharge of his duty.

It does not appear that the appellee had notice of the authority and duty of the brakeman under the rules and regulations of the company, and in the absence of such notice it is said in L. S. & M. S. R. R. v. Brown, 123 Illinois, 162: "Those dealing with a company can only judge of the power of its agents and servants from appearances and the position and acts of such employes."

Whether we accept the version of the appellee or of the

brakeman as to the remark of the latter in the caboose, it is indisputable that the appellee did go with him, and did so because he understood that it was desired at least, if not required, that he should accompany him and assist in securing the safety of the horse. Moreover the jury were warranted by the evidence in believing that the brakeman directed the appellee to go with and assist him.

The brakeman assumed and appeared to be invested with power to act in the premises and did so act, and we see nothing to indicate that a prudent and reasonably cautious man would have questioned his authority or had cause or grounds to suspect or fear that compliance with his request or invitation would lead him into danger.

Under ordinary circumstances no danger attended the proposed undertaking. It is said in Pierce on Railroads, 329, that " the direction or invitation or an assurance of safety given by a servant of the company may so qualify the plaintiff's act as to relieve it of the quality of negligence."

Whether, under all the circumstances, the appellee failed to exercise ordinary care was a question of fact for the jury, and under the evidence in the case the finding of the jury is so far justified that it is beyond our power to disturb it. The injury did not arise from a purely accidental occurrence as is suggested, but from the negligence of the company through its servants, in causing the appellee to place himself where he would be exposed to imminent danger from its trains, which it designed to move, and did move, in opposite directions, in such close proximity upon each side of him.

The declarations averred that the appellee was " ordered by the brakeman to alight from the caboose and assist about the door of the car. Counsel for the appellant company insist that the proof at most shows but a " request " to alight and assist, and that there is therefore a fatal variance between the allegations and the proofs. If, as we have seen, an invitation or request was sufficient to relieve the appellee from the imputation that he had failed to use ordinary care, it follows that it is not material whether he acted upon an " order " or " request."

The supposed distinction thus sought to be drawn between an " order" and a " request" forms the chief ground of objections to the instructions given in behalf of the appellee, and does not, therefore, demand further notice.

The refusal of the court to give instructions No. 1, 2, 3, 4 and 5, asked in behalf of the appellant company, and the modifications made by the court in instructions No. 1, 2 and 3 that were given in that behalf, constitute the other ground of alleged error.

We have examined all the instructions given, refused and modified, and do not find that reversible error occurred in the rulings of the court upon them.

The instructions given as a series correctly and fairly stated the law applicable to the case except in so far as those given for the appellant company failed to recognize the doctrine that the power assumed and exercised by the brakeman might be considered by the jury in determining whether the appellee acted with that degree of care demanded of him by the law, but of this defect the appellant can not, of course, complain.

The objections urged against the action of the court in refusing certain instructions asked by the appellant, rest, so far as they are at all important, upon the contention that the brakeman was wholly lacking in power or authority emanating from or binding upon the appellant to act in the matter of requesting or seeking to induce the appellee to leave the caboose or assist in closing the stock car.

The argument in support of such objections proceeds upon the assumption that the power and authority of a brakeman is limited by, and can only be determined from or by the rules and regulations of the company prescribing his duties and defining his powers; as has been said herein before, our Supreme Court has ruled that in cases such as the one at bar, the power of such an employe may be determined from appearance and from his acts; and the position he assumes to occupy.

We think there is no error in the record demanding a reversal of the judgment. It is therefore affirmed.