## Chicago, P. & M. R. R. Co. v. Mary Kane.

1. CONTINUANCES—*Sufficient Affidavits.*—An affidavit for a continuance on the ground of the absence of a material witness, made by the attorney, which states on information and belief that the witness, if present, would deny certain facts, and that he believes it impossible for such witness to be present, etc., is insufficient.

2. SAME—*Error, When Cured.*—An error in overruling a motion for a continuance is cured if the case is afterward continued to the next term on the ground that there is no copy of the account sued on, at-

C., P. & M. R. R. Co. v. Kane.

tached to the declaration. Such an error is also cured by a mistrial and a consequent continuance to the next term.

3. RAILROADS—*Liability for Nursing Persons Injured in Their Employ.*—In an action against a railroad company for nursing a person injured in its service, an employment by the trainmaster, where apparently clothed with authority, is sufficient to sustain a verdict for the plaintiff.

**Assumpsit,** for services, etc. Error to the County Court of Williamson County; the Hon. LORENZO D. HARTWELL, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

J. A. ATTERBERRY and YOUNG & BAKER, attorneys for plaintiff in error.

CLEMENS & WARDER, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

At the August term of the court below, plaintiff in error made a motion for a continuance, on the ground that defendant in error had not filed a copy of the account sued on with her declaration. It is strenuously insisted that the court erred in overruling this motion. But the error, if it was such, was harmless, for the reason that after a mistrial the case was continued, and the trial, which resulted in the judgment now complained of, took place at the next term of the court.

It is also contended that the court erred in not continuing the case at the term last above referred to, on the ground of the absence of the president and general manager of the company, who is alleged to be a material witness on behalf of the plaintiff in error. The affidavit is clearly insufficient. The affiant, who was one of the attorneys for plaintiff in error, states, on information and belief, that the witness, if present, would deny certain facts, and that he believes it to be impossible for the witness to be present at the term of court then being held, basing such belief on a letter from the witness to the effect that he was

going to New York on very important business, and could not postpone the trip. The faith of the attorney in his client's truthfulness adds but little strength to the letter itself; and a continuance based on a letter not verified by affidavit would be too cheap for the proper administration of justice. The affidavit also fails to show that the witness is not absent for the very purpose of procuring a continuance. There was no error in holding the affidavit insufficient.

Plaintiff in error offered no evidence, and the evidence on behalf of defendant in error is sufficient to sustain the verdict, regardless of slight errors in admitting evidence and in passing upon the instructions. Austin Kane was hurt while working for the railroad company, and was nursed by defendant in error, whose services were well worth the amount recovered on the trial. The trainmaster authorized the employment, and was apparently clothed with sufficient authority to do so, and his act is binding upon plaintiff in error. L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162; Phœnix Ins. Co. v. Stocks, 149 Id. 319; C. & A. R. R. Co. v. Rayburn, 52 Ill. App. 277; Terre Haute, etc., R. R. Co. v. McMurray, 98 Ind. 358.

The judgment is affirmed.